UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TONYA JACKSON-HALL                                                                      PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:11-cv-42-DPJ-FKB

MOSS POINT SCHOOL DISTRICT                                                      DEFENDANT

ORDER

This employment dispute is before the Court on Defendant's, Moss Point School District, motion for summary judgment [26]. The Court, having fully considered the parties' submissions and the applicable authorities, finds as follows.

I.      Facts and Procedural History

Plaintiff Tonya Jackson-Hall ("Jackson-Hall") alleges that former Moss Point School District Superintendent Kim Staley ("Staley") subjected her to sexual harassment. Jackson-Hall and Staley worked together over a three-year period beginning in the 2005–2006 school year when Moss Point hired Jackson-Hall as a teacher at Magnolia Junior High. Staley was principal at the same school. Jackson-Hall does not allege Staley harassed her during this year. The next year, however, Jackson-Hall was promoted to assistant principal at Moss Point High while Staley remained at Magnolia Junior High. Although the two no longer worked together in the same building, Jackson-Hall contends that Staley began harassing her at that time. More specifically, she avers that Staley inappropriately touched her, tried to kiss her, called her about non-school related matters, suggested she meet him at a hotel and an apartment, invited her out of town with him, and made suggestive comments. Jackson-Hall denied Staley's advances but never reported them to anyone in the Moss Point School District, other than a colleague.

One year later, Moss Point School District promoted Staley to superintendent, and Staley assumed the role of the School District's Title VII compliance officer. Jackson-Hall alleges no sexual overtures during this year. She does contend, however, that he yelled at and belittled her and gave Jackson-Hall an unwarranted poor performance review, but she did not report the alleged conduct.

In June 2009, Staley terminated Jackson-Hall's employment for alleged dishonesty. Jackson-Hall contends that she was fired instead for rejecting Staley's sexual advances. In October of that same year, the School District upheld Jackson-Hall's termination at an October 2009 hearing. Jackson-Hall filed her EEOC claim the same day she was terminated. After the EEOC issued a right to sue letter, Jackson-Hall timely filed this suit. The Court has personal and subject-matter jurisdiction.

## II. Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility to inform the district court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the

pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Importantly, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379-80 (5th Cir. 2010) (citations and quotations omitted). The 2010 amendments to Rule 56 now make this abundantly clear. Pursuant to Rule 56(c)(1), a party asserting that a fact "is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Moreover, Rule 56(c)(3) now states: "Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record."

**III.   Analysis**

    A.   Retaliation Claim

The Defendant's motion on Jackson-Hall's retaliation claim is granted.  An employer may not discriminate against an employee because the employee has "opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3.  To state a prima facie case of retaliation Jackson-Hall must show: "(1)[s]he engaged in an activity protected by Title VII; (2) [s]he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action."  *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008).

Defendant contends that Jackson-Hall never engaged in protected activity.  "An employee has engaged in activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII. 42 U.S.C. § 2000e-3(a)."  *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

In this case, it is undisputed that Jackson-Hall neither made a formal charge against Staley nor was involved in any investigation, proceeding, or hearing concerning the alleged sexual harassment.  Consequently, Jackson-Hall must rely on the opposition clause, which the District contends has not been met.  Plaintiff's only response to this dispositive argument is as follows: "Defendant first claims that Plaintiff did not engage in protected activity.  This is simply not true as Ms. Jackson-Hall has testified that she complained to Mr. Staley to stop the

4

sexual harassment." Pl.'s Mem. [31] at 9.  Plaintiff pulls this language from her affidavit but cites no legal authority for her position.

To begin with, Plaintiff's deposition testimony does not suggest that she "complained to" Mr. Staley but instead reflects that she rejected his advances.  The Fifth Circuit has held that such conduct is not protected activity.  *See LeMaire v. Louisiana*, 480 F.3d 383, 389 (5th Cir. 2007) (affirming summary judgment where plaintiff claimed "that rejecting sexual advances constitute[d] a protected activity for purposes of a retaliation claim under Title VII") (citing *Frank v. Harris Cnty.*, 118 F. App'x 799, 804 (5th Cir. 2004) (unpublished) (affirming summary judgment on retaliation claim when only protected activity was "express rejection" of sexual advances)).  These holdings are consistent with *Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (examining opposition clause).  *See also Thompson v. Somervell Cnty., Tex.*, 431 F. App'x 338, 341 (5th Cir. 2011) (interpreting *Crawford*, affirming summary judgment for lack of protected activity, and holding "it is clear that opposition nonetheless must be purposive")).  Jackson-Hall's complaints were not purposive nor were they elicited during an internal investigation.  She did not engage in protected activity.

B.      Sexual Harassment Claim

The Court has determined that oral argument on the sexual harassment claim is appropriate.

**IV.     Conclusion**

Based on the foregoing, the Court finds that the Defendant's motion for summary judgment should be granted as to Plaintiff's retaliation claim.  The Court withholds ruling on the remainder of the motion.

5

IT IS THEREFORE ORDERED, that Plaintiff's retaliation claim is dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's sexual harassment claim will be heard for oral argument on March 9, 2012 at 11:00 a.m.  The parties are relieved of their duty to prepare a proposed pretrial order.

**SO ORDERED AND ADJUDGED** this the 2nd day of March, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE